IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDERICK J. SMITH, JR.,

    Petitioner,

v.                                           Civil Action No. 3:12CV148

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

Frederick J. Smith, Jr., brings this petition pursuant to 28 U.S.C. § 2254 challenging his convictions in the Circuit Court of the County of Chesterfield ("Circuit Court").[1] Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Smith has responded. The matter is ripe for disposition.

**I.   PROCEDURAL HISTORY**

**A.   State Proceedings**

The Circuit Court entered final judgment on June 21, 2007 on Smith's convictions of possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine with intent to distribute, obstruction of justice, possession of marijuana, and possession of a concealed weapon.

---

[1] Smith lists his current place of incarceration as FCI Ray Brook in New York.

Commonwealth v. Smith, Nos. CR06F01597-01 through 04 and CR06M01668-01 (Va. Cir. Ct. June 21, 2007). On October 23, 2008, the Supreme Court of Virginia refused Smith's petition for appeal. Smith v. Commonwealth, No. 081209 (Va. Oct. 23, 2008).

On December 22, 2011, Smith filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.[2] Petition for a Writ of Habeas Corpus 1, Smith v. Commonwealth, No. 112274 (Va. filed Dec. 22, 2011). On January 26, 2012, the court dismissed the petition as untimely pursuant to Va. Code Ann. § 8.01-654(A)(2).[3] Smith v. Commonwealth, No. 112274 (Va. Jan. 26, 2012).

---

[2] Smith also filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on April 3, 2007. Petition for a Writ of Habeas Corpus 1, Smith v. Commonwealth, No. 070732 (Va. filed Apr. 3, 2007). That court dismissed the petition as premature. Smith v. Superintendent of Riverside Reg'l Jail, No. 070732 (Va. July 26, 2007).

[3] This section states, in pertinent part, that:

A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2011).

B. **Federal Habeas Petition**

On or around February 20, 2012,[4] Smith filed a "Petition for a Writ of Habeas Corpus (Actual Innocence)"[5] ("§ 2254 Petition") in this Court. On March 23, 2012, the Court directed Smith to re-file on the standardized form. (Docket No. 7.) Thereafter, Smith filed the Amended § 2254 Petition (Docket No. 13), in which he makes the following claims for relief:

| | |
|---|---|
| Claim One: | Police violated Smith's Fourth Amendment[6] rights by unlawfully stopping and searching his vehicle; |
| Claim Two: | Trial counsel provided ineffective assistance; |
| Claim Three: | The state committed fraud upon the courts by using perjured testimony to convict Smith; |
| Claim Four: | The state withheld exculpatory evidence; |

---

[4] The Court deems the § 2254 Petition filed on the date that Smith swears that he placed the petition in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988). Smith failed to file his petition on the proper forms, so he did not swear to the date he mailed the petition. However, the certificate of service indicates that he mailed the petition on February 20, 2002 and the Clerk's Office marked it "RECEIVED" on February 22, 2012.

[5] Notwithstanding the label of his petition, Smith does not argue actual innocence; instead, he contends that police conducted an illegal traffic stop and that a series of fraudulent actions led to his conviction.

[6] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

3

Claim Five: Trial counsel provided ineffective assistance by failing to conduct an adequate investigation;

Claim Six: Appellate counsel provided ineffective assistance by failing "to move for appropriate remedial measures" (Am. § 2254 Pet. 10),[7] failing to conduct adequate investigation to support the appellate brief, and by failing to present definitive arguments on direct appeal; and

Claim Seven: The state court prepared a fraudulent trial transcript.

On August 24, 2012, Smith filed a "Motion for Leave to File Out of Time" (Docket No. 24) and a "Reply to Commonwealth of Virginia's Motion to Dismiss and Rule 5 Answer."[8] Smith also filed an additional "Memorandum of Law and Facts in Support of a Petition for a Writ of Habeas Corpus" (Docket No. 25).[9] Smith's "Motion for Leave to File Out of Time" (Docket No. 24) will be granted.

---

[7] Because Smith's Amended § 2254 Petition lacks consistent numbering, the Court employs the numbers assigned to this document by the Court's CM/ECF docketing system.

[8] The Court has corrected the capitalization in the titles of Smith's submissions which were received on August 24, 2012.

[9] The Court considers these documents in support of the claims raised in the Amended § 2254 Petition and in opposition to the Respondent's Motion to Dismiss. The Court, however, is neither obliged nor inclined to cull through these submissions to discern any new claims for relief. At this juncture, Smith must obtain Respondent's consent or leave of Court to amend his habeas petition. See Fed. R. Civ. P. 15(a)(2). Smith has not sought such leave or consent.

4

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Smith's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)** the date on which the factual predicate of the claim or claims presented could

>       have been discovered through the
>       exercise of due diligence.
>
> 2.    The time during which a properly filed
>       application for State post-conviction or other
>       collateral review with respect to the pertinent
>       judgment or claim is pending shall not be counted
>       toward any period of limitation under this
>       subsection.

28 U.S.C. § 2244(d).

### B.  Commencement Of The Statute Of Limitations Under 28 U.S.C. 2244(d)(1)(A)

Smith's judgment became final for the purposes of the AEDPA on Wednesday, January 21, 2009, the last day to file a petition for certiorari in the Supreme Court of the United States ("U.S. Supreme Court"). Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

Smith mailed a petition for a writ of certiorari to the Supreme Court postmarked January 10, 2009. On February 4, 2009, the Supreme Court returned the petition noting various deficiencies to filing, including appending certain lower court

6

decisions to the petition. See Attachment to Motion to Request Disclosure of Criminal Records, Commonwealth v. Smith, Nos. CR06F01597-01 through 04 and CR06M01668-01 (Va. Cir. Ct. filed Feb. 24, 2009). The Supreme Court's letter warned Smith, that unless he submitted a corrected petition within sixty (60) days from the date of the letter, the petition would not be filed. Id. Smith filed no corrected petition. Thus, Smith's defective petition fails to delay the date at which his conviction became final under 28 U.S.C. § 2244(d)(1)(A). See, e.g., United States v. Bendolph, 409 F.3d 155, 158-59 n.5 (3d Cir. 2005); Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (refusing to extend commencement of limitations period for untimely petition for writ of certiorari subsequently denied by Supreme Court). Therefore, Smith's conviction became final on January 21, 2009, when the time to file a petition for certiorari expired. Accordingly, Smith had until January 21, 2010, to file a petition pursuant to 28 U.S.C. § 2254. Smith filed his § 2254 Petition on or around February 20, 2012.

C. **Statutory Tolling**

Though Smith filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on December 22, 2011, the AEDPA statute of limitations expired on January 21, 2010, nearly one year before Smith filed his state petition. Thus, Smith lacks

7

entitlement to statutory tolling.[10] Deville v. Johnson, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Accordingly, unless Smith demonstrates entitlement to belated commencement or equitable tolling, the statute of limitations bars his § 2254 Petition. Smith argues that his circumstances require equitable tolling.

D. **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[11] Id. at 2562 (quoting Pace, 544 U.S.

---

[10] Furthermore, the Supreme Court of Virginia dismissed the petition for failure to comply with Virginia's statute of limitations on habeas petitions. Smith v. Commonwealth, No. 112274 (Va. Jan. 26, 2012). A petition denied by a state court as untimely fails to qualify as "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

[11] Thus, a Petitioner must show a causal connection between the extraordinary circumstance and the delay. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (requiring a petitioner to demonstrate that "extraordinary circumstances beyond [petitioner's] control prevented him from complying with the statutory time limit.").

8

at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Smith's discursive, vague arguments do not meet this exacting standard.

### 1. Smith's Arguments For Equitable Tolling

Smith asserts that:

> Petitioner was also burdened with pursuing certiorari review regarding criminal case number 3:08-cr-32. Petitioner was limited access to the legal library while being held at Greensville Correctional Center, after being returned to state custody. Petitioner did not receive notice of the U.S. Supreme Court's dismissal of his certiorari petition until February or March 2011, while in federal custody. Becoming aware of the U.S. Supreme Court's decision,[12] Petitioner realized that he only had a little over six (6) months left to apply for his currently pending 28 U.S.C. § 2255 petition.

(Am. § 2254 Pet. (Docket No. 13) 11.) Smith further asserts:

> Direct appellate review by the Virginia Supreme Court culminated about October 24, 2008. Petitioner was taken into federal custody on October 27, 2008 and demanded to leave state case related material is [sic] the state. Petitioner did not receive state case file from appellate counsel Clements

---

[12] The U.S. Supreme Court docket shows only one petition for a writ of certiorari filed, challenging his federal conviction and sentence. The Supreme Court denied the petition on October 4, 2010. Smith v. United States, 131 S. Ct. 189 (2010).

9

> until January 10, 2010. Three pages of
> Virginia [ ] Court of Appeal opinion
> missing. Trial transcripts were specially
> altered so as not to conform to the truth.
> Numerous structural defects throughout these
> criminal proceedings resulted in a manifest
> miscarriage of justice. The Court should
> reach the merits of this petition in the
> interest of justice.

(Am. § 2254 Pet. 14).

Smith further explains that, when he was remanded into federal custody, on October 27, 2008,[13] he "was not allowed to take any paperwork relating to the instant case. I only learned of the status of this case through a family investigation by way of GOOGLE.COM, becoming aware of the Virginia Supreme Court's denial while in federal custody." (Mot. Req. Eq. Tolling (Docket No. 14) 2.) He asserts: "Diligently seeking to vindicate my constitutional rights. I've been overwhelmed with the tasks of seeking certiorari review in regards to the federal convictions that I am currently challenging by way of 28 U.S.C.S. § 2255 in this Court." (Id. at 3.) Essentially, Smith argues that: (1) his federal criminal and post-conviction litigation, (2) movement between state and federal custody, and

---

[13] Inexplicably, Smith changes the date of his transfer to federal custody to October 27, 2009 on the second page of his Motion to Request Equitable Tolling. (Mot. Req. Eq. Tolling 2.) The Court deems this date to be October 27 2008, in light of his previous statements that the transfer occurred on October 27, 2008. (See Am. § 2254 Pet. 14; Mot. Req. Eq. Tolling 1.)

(3) incomplete state records prevented him from pursuing the present § 2254 action.

## 2. Lack Of Extraordinary Circumstances Or Diligence

Smith's vague arguments fail to demonstrate any extraordinary circumstance that prevented him from filing his § 2254 Petition in a timely fashion. Moreover, the record shows that Smith's lack of diligence, rather than the circumstances of his incarceration, led to the delay in filing Smith's § 2254 Petition.

### (1) Other Litigation

First, Smith argues that his federal criminal and post-conviction litigation detracted from his pursuit of this action. The fact that Smith faced several legal deadlines certainly does not qualify as an extraordinary circumstance beyond Smith's control for the purposes of equitable tolling. See Rouse, 339 F.3d at 246. Additionally, this argument actually demonstrates that Smith knows how to pursue his rights in litigation and that his failure to do so here is of his own making.

### (2) Transfer Between Facilities

Smith also argues that his transfer between state and federal custody and his inability to take his state legal papers with him into federal custody is an extraordinary circumstance

beyond his control that prevented him from timely filing his § 2254 Petition.

Generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). As explained below, Smith's brief transfer from state to federal custody amounts to no extraordinary circumstance.

Smith contends that he moved into federal custody on October 27, 2008. Smith provides no date of return to state custody. The record shows that Smith returned to a state facility no later than February 6, 2009 because he filed an inmate request form in the Pamunkey Regional Jail at that time. (Br. Supp. Mot. to Dismiss Ex. A 23.)[14] Smith's conviction became final on January 21, 2009. Smith's transfer to federal custody and his inability to access his state legal papers prior to that date had no bearing on the limitations period for filing his § 2254 Petition. Thus, Smith's transfer prevented him from accessing his state legal materials for a period of approximately two weeks after the statute of limitations began

---

[14] Because Exhibit A lacks page numbering, the Court employs the page number assigned by the CM/ECF docketing system.

to run, from January 21, 2009, until his return to Pamunkey Regional Jail no later than February 6, 2009.

Moreover, as explained in more detail below, Smith fails to articulate any specific facts which show that temporary lack of access to his legal papers prevented him from timely filing his § 2254 Petition. See O'Neill v. Dir., Va. Dep't. Corr., No. 3:10cv157, 2011 WL 3489624, *6 (E.D. Va. Aug. 9, 2011) (citing cases).

### (3) Incomplete State Court Records

Smith contends that he only learned of the Supreme Court of Virginia's denial of his direct appeal through his own investigation while he was in federal custody, that counsel failed to communicate with him until January 2010, and that he lacked complete state court records, thus preventing him from timely filing his § 2254 Petition. (Mot. Req. Eq. Tolling 2-3.) Smith faults counsel for failing to provide his state records until January 2010 and argues that the record provided was deficient. As explained below, Smith's conclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling.

First, the Supreme Court of Virginia refused Smith's petition for appeal on October 23, 2008. Smith contends that he only learned of this denial through his own investigation but

13

did not provide the date of his discovery. However, Smith clearly knew of the Supreme Court of Virginia's decision at the latest by January 10, 2009 when he mailed his petition for a writ of certiorari to the Supreme Court of the United States. See Attachment to Motion to Request Disclosure of Criminal Records, Commonwealth v. Smith, Nos. CR06F01597-01 through 04 and CR06M01668-01 (Va. Cir. Ct. filed Feb. 24, 2009). Smith fails to demonstrate that any brief delay in receipt of the Supreme Court of Virginia's decision prevented him from timely filing his § 2254 Petition by January 21, 2010.

Smith also contends that his lack of a complete state record and counsel's lack of communication prevented him from timely filing his § 2254 Petition. "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002). Smith fails to demonstrate, as he must, that his lack of access to specific documents prevented him from setting forth in summary form the facts that support his claims. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Weibly v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002)

14

(holding petitioner's argument "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition"); United States v. Butler, 178 F. App'x 327, 327 (4th Cir. 2006) (observing that criminal defendants generally can rely upon their own recollection in preparing a collateral attack); cf. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (refusing to equitably toll limitation period where inmate had access to some, but not all of his files and did "not point to specific instances where he needed a particular document [and] could not have kept that document").

Additionally, Smith provides no explanation for why he failed to file his state or federal habeas action for nearly two years after he received the state records. "Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill, 2011 WL 3489624, at *6. Smith failed to act diligently in pursuing habeas relief, and, accordingly, he lacks entitlement to equitable tolling.

Because Smith has failed to demonstrate any meritorious ground for belated commencement of the case or for equitable tolling, the statute of limitations bars the action.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 17) will be granted. Smith's Motion for Leave to File Out of Time (Docket No. 24) will be granted, the Motion to Request Equitable Tolling (Docket No. 14) and "Motion to Correct Transcripts and Conform Records to the Truth" (Docket No. 16) (capitalization corrected) will be denied. Smith's § 2254 Petition will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Smith fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Smith and counsel for Respondent.

/s/ RЕP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 7, 2013