IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDERICK J. SMITH, JR.,

    Petitioner,

v.                                                 Civil Action No. 3:12CV148

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Final Order entered on March 8, 2013, the Court found Frederick J. Smith, Jr.'s 28 U.S.C. § 2254 petition barred by the one-year statute of limitations and dismissed the action. Smith v. Virginia, 3:12CV148, 2013 WL 871519, at *6 (E.D. Va. Mar. 8, 2013). The matter now comes before the Court on Smith's Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 59(e) (("Rule 59(e) Motion") ECF No. 28), Motion to Request Leave to Amend (("Motion to Amend") ECF No. 29), and Notice of Appeal/Request for Extension of Time to File (ECF No. 30).

**I. MOTION TO AMEND**

Smith's brief Motion to Amend seeks to add one claim of "inadequate factfinding procedure employed by trial court" and one claim that the trial court "failed to ensure the competency of counsel." (Mot. Amend 1.) Smith states that both claims

were "detailed in the attached memorandum in support." (Id.) Leave to amend is appropriately denied where the amendment would be futile. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). The Court dismissed Smith's § 2254 Petition as barred by the one-year statute of limitations. Smith v. Virginia, 3:12CV148, 2013 WL 871519, at *6 (E.D. Va. Mar. 8, 2013). For the same reason, any attempt by Smith to amend his § 2254 Petition to add claims would also be futile, as the new claims are barred by the one-year statute of limitations for petitions under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). Accordingly, Smith's Motion to Amend (ECF No. 29) will be denied.

## II. RULE 59(e) MOTION

The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his Rule 59(e) Motion, Smith briefly states, without supporting argument, that he is entitled to equitable tolling and is actually innocent,

and then proceeds to rehash the merits of his claims brought in his § 2254 Petition.

Smith fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Smith failed to file a timely § 2254 Petition and the statute of limitations bars the action. Accordingly, Smith's Rule 59(e) Motion will be denied.

Smith also filed a Notice of Appeal/Request for Extension of Time to File Notice of Appeal seeking an extension of time in which to file his Notice of Appeal. When a party timely files certain motions, including a Rule 59(e) Motion, "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). Thus, the time to file an appeal runs from the date of the Court's disposal of Smith's Rule 59(e) Motion. Accordingly, Smith's Notice of Appeal/Request for Extension of Time to File (ECF No. 30) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 31, 2013
Richmond, Virginia

3