

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDERICK J. SMITH, JR.,

    Petitioner,

v.                                      Civil Action No. 3:12CV148

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Final Order entered on March 8, 2013, the Court found Frederick J. Smith, Jr.'s 28 U.S.C. § 2254 petition barred by the one-year statute of limitations and dismissed the action. Smith v. Virginia, 3:12CV148, 2013 WL 871519, at *5-6 (E.D. Va. Mar. 8, 2013). By Memorandum Opinion and Order entered on June 3, 2013, the Court denied Smith's Fed. R. Civ. P. 59(e) Motion. (ECF No. 35-36.) Smith has now filed a "MOTION FOR RELIEF FROM FINAL JUDGMENT, ORDER FEDERAL RULES CIVIL PROCEDURE - 60(b)(6) ("Rule 60(b) Motion," ECF No. 46)[1]

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

and a Motion to Amend his Rule 60(b) Motion. (ECF No. 47.) The Motion to Amend (ECF No. 47) will be granted. The Court will consider Smith's expanded argument in support of Rule 60(b) relief. Nevertheless, for the reasons set forth below, the Rule 60(b) Motion (ECF No. 46) will be denied.

Smith's Rule 60(b) Motion challenges the Court's conclusion that Smith's 28 U.S.C. § 2254 petition was barred by the statute of limitations or what he calls "[t]he District Court's procedural default." (Rule 60(b) Mot. 2.) Without supporting argument or any analysis of the cited law, Smith contends that the Court should have addressed the merits of his claims and granted him an evidentiary hearing. (Rule 60(b) Mot. 4-5.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207).

Smith's request for relief under Rule 60(b)(6), filed more than a year after the dismissal of his § 2254 Petition, was not

2

filed within a reasonable time. McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004)). Smith fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of this action. Accordingly, Smith's Rule 60(b) Motion (ECF No. 46) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Smith fails to meet this standard. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith.

And it is so ordered.

/s/ *Rep*
Robert E. Payne
Senior United States District Judge

Date: August 25, 2014
Richmond, Virginia