IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDERICK J. SMITH, JR.,

     Petitioner,

v.                                Civil Action No. 3:12CV148

COMMONWEALTH OF VIRGINIA,

     Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Final Order entered on March 8, 2013, the Court found Frederick J. Smith, Jr.'s 28 U.S.C. § 2254 petition barred by the one-year statute of limitations and dismissed the action. Smith v. Virginia, 3:12CV148, 2013 WL 871519, at *5-6 (E.D. Va. Mar. 8, 2013). By Memorandum Opinion and Order entered June 3, 2013, the Court denied Smith's Fed. R. Civ. P. 59(e) Motion. (ECF Nos. 35-36.) By Memorandum Opinion and Order entered August 26, 2014, the Court denied Smith's Fed. R. 60(b)(6) Motion. (ECF Nos. 49-50). Finally, by Memorandum Opinion entered and Final Order entered March 25, 2015, the Court dismissed Smith's Second Rule 59(e) Motion challenging the Court's prior denial of his Rule 60(b)(6) Motion. The Court found this Rule 59(e) Motion was in fact a successive, unauthorized 28 U.S.C. § 2254 petition and in the alternative,

failed to satisfy the criteria for granting a Rule 59(e) motion. (ECF Nos. 52-53.)

In this seemingly unending cycle, on April 10, 2015, Smith filed yet another "MOTION FOR RECONSIDERATION" that the Court construes as one brought pursuant to Federal Rule of Civil Procedure 59(e). ("Third Rule 59(e) Motion," ECF No. 54.) In his Third Rule 59(e) Motion, Smith argues that the Court erred in finding that he failed to demonstrate that "'extraordinary circumstances' exist that warrants the equitable tolling of . . . [the] statute of limitations." (Second Rule 59(e) Mot. 2.) Smith then provides rambling reasons why the Court erred in dismissing his § 2254 petition, his Rule 60(b) Motion, and his Second Rule 59(e) Motion citing statute of limitations language and his "actual innocence" which may excuse a procedural default. (Id. at 2-5.)

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130

2

F.R.D. 625, 626 (S.D. Miss. 1990)).   Smith fails to demonstrate any basis for granting relief from the denial of his Second Rule 59(e) Motion under the above three grounds.

To the extent Smith again intends to challenge the Court's August 20, 2014 denial of his Rule 60(b)(6) Motion, Smith's motion under Rule 59(e) is untimely as it was filed more than twenty-eight days after the dismissal of his Rule 60(b)(6) Motion.   To the extent he attempts to bring yet another Rule 60(b)(6) challenge to the denial of his Rule 60(b)(6) Motion, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'"   MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004)).   Despite his vague claim to the contrary, Smith fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of his Rule 60(b) Motion.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(A).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

3

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Smith fails to meet this standard.   A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith.

And it is so ORDERED.

_____  /s/ REP_____

Robert E. Payne
Senior United States District Judge

Date: September 9, 2015
Richmond, Virginia

4